IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br>　　　　Plaintiff,<br><br>　v.<br><br>1st ALLIANCE LENDING, LLC, *et al*,<br><br>　　　　Defendants. | Case No. 3:21-CV-00055-RNC |

**DEFENDANTS' NOTICE OF NEW DISCOVERY DEVELOPMENTS THAT RELATE TO DEFENDANTS' OBJECTION TO THE COURT'S AUGUST 18, 2022 ORDER**

Defendants 1st Alliance Lending, LLC ("1st Alliance"), John DiIorio, Kevin St. Lawrence, and Socrates Aramburu ("Defendants") respectfully submit this notice of two developments in discovery that directly bear on the relevancy and privilege issues raised in Defendants' Objection to the Honorable Judge Richardson's August 18, 2022 Order denying Defendants' Motion to Compel Responses to their Rule 45 Subpoena to the Connecticut Department of Banking ("CT DOB"), Dkt. 102, which is currently pending before the Court.

The first development for which Defendants provide supplemental notice is that on November 16, 2022, Plaintiff Consumer Financial Protection Bureau ("CFPB") served a request for production of documents and an interrogatory seeking information related to state regulators' past examinations of 1st Alliance. *See* Ex. A, B. Responses to these requests are due on December 16, 2022. Specifically, the request for production and interrogatory seek:

> **Plaintiff's Request For Production**: All documents reflecting any examination or audit finding of a state or federal agency/regulator that the duties of 1st Alliance's SCs/HLCs – as set forth in Ex. 55, 56, or otherwise – complied with, and/or did not violate, mortgage loan originator licensing laws/requirements, such as the Safe Act. Ex. A.

**Plaintiff's Interrogatory**: Identify and fully describe all instances, if any, where you contend that a government agency, and/or state or federal regulator, audited, examined and/or evaluated the duties of 1st Alliance's SCs/HLCs – as set forth in Exhibits 55 and 56, or otherwise – and determined that the performance of such duties by 1st Alliance's SCs/HLCs was in compliance with mortgage loan originator licensing laws, such as the Safe Act. Ex. B.

Defendants provide notice to the Court that the subject matter of Plaintiff's new discovery requests overlap with requests in Defendants' subpoena to non-party CT DOB, which "sought documents related to an examination and subsequent administrative action conducted by DOB." Dkt. 102-1. Specifically, request numbers 15 and 16 in the subpoena seek all "notes, reports, and other records from the examination of 1st Alliance conducted by the DOB" in 2010 and 2018. *See* Dkt. 75-1, Ex. A – Subpoena to DOB (ECF pgs. 8-13). Additionally, request numbers 10, 11, and 12 seek CT DOB communications exchanged with other state regulators that examined 1st Alliance for compliance with mortgage loan originator licensing laws in 2019, in connection with the Multistate Mortgage Committee ("MMC") and the Non-Depository Supervisory Committee ("NDSC"). *See* Defendants Opposition to CT DOB's Motion to Quash, Dkt. 122, (pg. 10 and fn. 2) (providing background on the MMC and NDSC examinations); *see also* John DiIorio Declaration, Dkt. 122-2, ¶¶ 5-10. Plaintiff's new discovery requests, which seek documents and information related to state regulators' examinations of 1st Alliance (which would include CT DOB), further show that the documents sought in Defendants' subpoena are relevant to the claims and defenses in this action.

Additionally, Defendants provide notice to the Court that on November 17, 2022, a former CT DOB employee testified that on two separate occasions in 2020 and 2021, long after she left CT DOB for private practice, she spoke on the phone with the director of the CT DOB's Consumer Credit Division, Carmine Costa. During these conversations, Mr. Costa disclosed non-public information about the 1st Alliance proceeding, including his own mental impressions

of the case.  *See* Dkt. 122, pgs. 5, 10-12 (detailing testimony from former CT DOB employee concerning these conversations with Carmine Costa).  Defendants provide notice to the Court that requests 4 and 5 in the subpoena specifically seek communications sent or received from the DOB email account associated with Carmine Costa.  *See* Dkt. 75-1.  At minimum, Mr. Costa's intentional disclosures results in the waiver of CT DOB's assertions of work-product and/or deliberate process privilege for communications sent or received from the Costa email account.

## CONCLUSION

Defendants hereby file this notice of supplemental discovery developments because Plaintiff's new discovery requests seek state regulator exam information that overlaps with requests in the subpoena to CT DOB.  Additionally, recent testimony from a former CT DOB employee demonstrates that communications sent or received by CT DOB employee Carmine Costa can no longer be withheld under any privilege.

Respectfully submitted,

DATE: December 12, 2022                    /s/    Jeffrey P. Blackwood
                                           Jeffrey Blackwood, *pro hac vice*
                                           Mitchel H. Kider, *pro hac vice*
                                           Michael Kieval, *pro hac vice*
                                           WEINER BRODSKY KIDER PC
                                           1300 19th St NW, 5th Floor
                                           Washington, D.C. 20036
                                           Tel:    202-628-2000
                                           Fax:    202-628-2011
                                           Email: kider@thewbkfirm.com
                                           Email: kieval@thewbkfirm.com
                                           Email: blackwood@thewbkfirm.com
                                           Email: scoggin@thewbkfirm.com


                                           Ross Garber
                                           The Garber Group LLC
                                           100 Pearl St., 14th Floor
                                           Hartford, CT  06103

Tel: (860) 983-5145  
Fax: (860) 983-5145  
Email: rgarber@thegarbergroup.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2022 the foregoing was served by all counsel of record for Plaintiff CFPB and non-party CT DOB via ECF, including:

Amanda Lewis
Paris Wynn
James J. Savage
amanda.lewis@cfpb.gov
paris.wynn@cfpb.gov
james.savage@cfpb.gov

Sarah Gruber
sarah.gruber@usdoj.gov

*Counsel for Plaintiff*
*Consumer Finance Protection Bureau*

John Langmaid
John.Langmaid@ct.gov

*Counsel for Non-Party*
*Connecticut Department of Banking*

                                         /s/ Jeffrey P. Blackwood
                                         Jeffrey P. Blackwood

                                         *Counsel for Defendants*