UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Consumer Financial Protection Bureau, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:21-cv-55 (RNC) |
| 1st Alliance Lending, LLC, John DiIorio, and Kevin St. Lawrence, | : |
| Defendants. | : |

ORDER

Pending before this Court are several discovery disputes. Non-party, Connecticut Department of Banking ("CT DOB"), seeks to quash a subpoena from Defendants, 1st Alliance Lending, LLC ("1st Alliance"), John DiIorio and Kevin St. Lawrence ("Individual defendants"), that commands two of its employees to attend depositions. (Dkt. #114)[1] Defendant 1st Alliance seeks to compel the plaintiff, Consumer Financial Protection Bureau ("CFPB"), to respond to its first set of interrogatories. (Dkt. #140)[2] The Court assumes the parties' familiarity with all pertinent facts.

I.  **Motion to Quash**

The Court GRANTS the CT DOB's motion to quash the deposition subpoena. In accordance with this Court's previous ruling in docket #100, in which this Court denied Defendants' motion to compel responses to a Rule 45 subpoena, this Court stated that the documents Defendants requested from non-party CT DOB were not relevant because the vast

---

[1] The Massachusetts Department of Banking has also filed a Motion to Quash a deposition subpoena of its Deputy Commissioner, Kevin Cuff. (3:22-mc-100 (RNC), Dkt. #21) This motion will be resolved in a separate ruling.
[2] There is also a pending motion for a protective order filed by Plaintiff. This motion will be resolved in a separate ruling. (Dkt. #141)

1

majority of the documents Defendants were seeking were internal communications of the CT DOB, communications between the CT DOB and Plaintiff, and communications between the CT DOB and other state banking agencies. The Court reasoned then that "the relevant conduct is the defendants' conduct, not the regulatory agency's conduct." (*Id.*) The same reasoning applies to the current dispute.

Defendants seek to depose two CT DOB employees, Daniel Landini and Carmine Costa.[3] The topics to be covered during the deposition include:

> a. The exam of 1st Alliance in May 2018, for which Landini was present[;]
> b. CT DOB's administrative procedures, and the specific procedures used for 1st Alliance, noting the CFPB's recent assertion of collateral estoppel with respect to the Commissioner's final findings;
> c. Landini's extensive testimony during the administrative proceeding;
> d. Landini's interviews of 1st Alliance employees and review of documents obtained during the examination; and
> e. Costa's knowledge and involvement in the investigation and enforcement proceeding brought against 1st Alliance, which is reflected in documents Defendants obtained via Freedom of Information Act Requests.

(Dkt. #122 at 4-5). Defendants argue that they need this information because the CFPB intends to invoke collateral estoppel in order to rely on the administrative findings of the CT DOB to show that 1st Alliance violated state mortgage loan originator ("MLO") licensing provisions. (Dkt. #122 at 3). To defend themselves, Defendants argue that they need the testimony of Mr. Landini and Mr. Costa, who have personal knowledge of the CT DOB's findings. (*Id.*) Specifically, because Mr. Landini was one of the two financial examiners of 1st Alliance, Defendants argue that Mr. Landini can testify about what he observed during his examination, which individuals he talked

---

[3] At all times relevant, Mr. Landini was CT DOB's lead investigator in the regulatory examinations of 1st Alliance, and Mr. Costa was the manager of the regulatory division of CT DOB that was responsible for 1st Alliance's licensing and regulation. (Dkt. #114-1 at 14)

2

with and what they said, and the documents and information he obtained and reviewed during his examination. (Dkt. #122 at 9) Defendants also want to ask Mr. Landini about CT DOB's typical examination procedures and how the examination of 1st Alliance varied from them. (*Id.*) As for Mr. Costa, Defendants argue that he can testify regarding his knowledge of CT DOB's findings, the administrative proceeding, his involvement in contacting other state agencies, and conversations he had with a former CT DOB employee in 2020 and 2021 regarding his mental impressions of the 1st Alliance case. (*Id. at 10*)

CT DOB argues that Defendants already have the entire administrative hearing record and decision of the CT Banking Commissioner. (Dkt. #114-1 at 7-8) CT DOB also argues that the evidence defendants are seeking is irrelevant uncontested information which would pose an undue burden on the CT DOB. (Dkt #114 at 8) Furthermore, CT DOB notes that the CT DOB and Defendant 1st Alliance are litigants in a pending state court action which involves an administrative appeal of the Connecticut Banking Commissioner's order. Thus, CT DOB argues that the requested discovery would unduly burden the CT DOB with testimonial obligations concerning ongoing state litigation. (*Id.*)

This Court finds that the deposition testimony is not relevant. Defendants continue to seek information on the underlying facts, decision-making, and coordination that resulted in the CT DOB's determination and the current litigation. However, the relevant conduct is the defendants' conduct, not the conduct of the CT DOB. The Court notes that the Defendants have the record of the administrative proceeding and the written decision of the CT Banking Commissioner. The internal deliberations that led to the CT DOB's decision to file charges against 1st Alliance, but not its corporate officers, are not relevant.

## II.  Motion to Compel

The Court GRANTS in part and DENIES in part Defendants' motion to compel answers to their first set of interrogatories. After extensive briefing on the issue, the parties state that the only interrogatories still in dispute are: Interrogatory Nos. 1, 4, and 13 of 1st Alliance's First Set of Interrogatories; Interrogatory No. 4 of John DiIorio's First Set of Interrogatories; and Interrogatory 4 of Kevin St. Lawrence's First Set of Interrogatories. (Dkt. #174) In a previous ruling, this Court stated that Plaintiff must answer the interrogatories based upon the information it possessed at the time and that Plaintiff would be required to supplement its answers as discovery progressed, as required by Rule 26(e). (Dkt. #100)

Defendants argue that Plaintiff's supplemental responses to the interrogatories are deficient because Plaintiff failed to answer the interrogatories with any specificity and has provided long narrative answers that are unresponsive to the interrogatories. Defendants also argue that Plaintiff must remove its objections because this Court has already compelled Plaintiff to respond to the interrogatories, thus overruling Plaintiff's objections. (Dkt. #140-2 at 7-8)

Furthermore, Defendants contend that they need to know the specific instances of conduct that Plaintiff contends violated the law so that they can contradict the claim that Defendants permitted unlicensed employees to perform activities that require an MLO license. (Dkt. #140-2 at 12) As for the individual defendants' interrogatories, Defendants argue that Plaintiff's responses to the interrogatories are "inappropriately identical" with the only difference being the name of each defendant and job title. (Dkt. #140-2 at 13) Defendants contend that Plaintiff is obligated to respond to each individual's discovery requests with the information Plaintiff has regarding that particular individual.  In addition, Defendants argue that Plaintiff must describe the "material facts" that show that each individual defendant had "actual knowledge that 1st Alliance's

unqualified SCs and HLCs failed to provide critical, accurate, and timely information" based on the allegation made in the Amended Complaint.

Plaintiff argues that it fully complied with the Court's order by supplementing its interrogatory responses with more detail concerning the CFPB's theory as to how the Defendants violated the laws set forth in the Amended Complaint.[4] (Dkt. #143 at 1) Plaintiff further contends that "because the violations alleged by the Bureau *all arise from the same small set of [sic] operative facts* (i.e., SCs/HLCs performing their enumerated duties), particularized facts regarding each of the thousands of violations at issue is plainly not 'necessary to defendants' defenses.'" (Dkt. #143 at 8- 9 (emphasis in original)) Plaintiff argues that the interrogatories requesting such detailed information are unduly burdensome and irreconcilable with the proportionality limitation set forth in Rule 26(b)(1). (*Id.* at 9)

The Court orders Plaintiff to remove its objections to the interrogatory responses and provide a concise answer to each of the remaining interrogatories in dispute. The Court agrees that asking Plaintiff to provide facts regarding thousands of violations is unduly burdensome and not proportional to the needs of the case. Instead, the Court instructs Plaintiff to provide Defendants with a large sample of examples of this conduct.[5]

---

[4] As it relates to Interrogatory #1, the CFPB notes that it cited a ruling from the Connecticut Department of Banking from April 16, 2021, in which 1st Alliance was found to have violated the SAFE Act. (Dkt. #143 at 3.) The CFPB notes that the order contains multiple and detailed examples of the conduct that the CFPB alleges violates every State's SAFE Act and gives rise to 1st Alliance's violation of Regulation Z. (*Id.*) Regarding Interrogatory #4, the CFPB asserts that it has provided detailed explanations of how 1st Alliances practices violated those applicable laws. (*Id.* at 4.)

[5] The Court notes that the response to 1st Alliance's Interrogatory #1 incorporates the examples of violations of "State SAFE Act implementing laws" that were disclosed in Interrogatory #2. (Dkt. #149-1 at 6)  Since Interrogatory #2 is not in dispute, the Court believes that this answer should serve as a guide for Plaintiff as to how Interrogatory #1 should be answered.

The Court has reviewed Plaintiff's response to Interrogatory #4 and considers it to be sufficient. However, the Court reminds Plaintiff of its obligation to continue to supplement its response as discovery progresses.

The Court had not previously ruled on the objection to interrogatory #13. The Court sustains the objection and Plaintiff need not furnish a response to interrogatory #13.

As for the Individual Defendants' interrogatory #4, this interrogatory is based on paragraph 106 of Plaintiff's Amended Complaint which states that "the individual defendants had actual knowledge that 1st Alliance's unqualified SCs and HLCs failed to provide critical, accurate, and timely information about loan terms to potential borrowers, and encouraged, directed, or failed to prevent such conduct from occurring even though they had authority to do so." (Dkt. #27) The requested information is relevant and discoverable insofar as Plaintiff explicitly makes such an allegation in the Amended Complaint.[6] The Court is not suggesting that Plaintiff is <u>required</u> to produce such evidence to meet its burden at trial, but if Plaintiff is planning on relying on such evidence, as paragraph 106 of the Amended Complaint seems to suggest, Plaintiff needs to respond to the interrogatory. If Plaintiff has no evidence of actual knowledge, Plaintiff should simply say so.

### III. Motion for Sanctions

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure requires a court to order the party resisting discovery to pay the movant's reasonable expenses incurred in connection with a motion to compel if the motion to compel is granted. Fed. R. Civ. P. 37(a)(5)(A). "The court must not

---

[6] The relevancy analysis "requires one to ask: Is the discovery *relevant* to a party's *claim* or *defense*? Which claim? Which defense? At this stage of the litigation, one looks to the parties' pleadings for their claims or defenses." <u>Bagley v. Yale Univ.</u>, 315 F.R.D. 131, 144 (D. Conn. 2016), <u>as amended</u> (June 15, 2016).

order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* Rule 37(a)(5)(C) allows the court to apportion fees between the parties where a motion to compel is granted in part and denied in part. Fed. R. Civ. P. 37(a)(5)(C). This Court notes that Rule 37(a)(5)(A) is mandatory, while Rule 37(a)(5)(C) is discretionary.

To the extent that the Court has, in large part, modified the requests for responses, the defendants' Motion for Sanctions is DENIED.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this **24th day** of **May**, 2023 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge