UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Consumer Financial Protection Bureau,　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　　　　:　CASE NO. 3:21-cv-55 (RNC)
　　　　　　　　　　　　　　　　　　　　　:
1st Alliance Lending, LLC, John DiIorio,　　　:
and Kevin St. Lawrence,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　Defendants.　　　　　　　　　　　　:

ORDER

Plaintiff, Consumer Financial Protection Bureau ("CFPB"), seeks a protective order that precludes Defendants, 1st Alliance Lending, LLC, John DiIorio, and Kevin St. Lawrence, from taking a Rule 30(b)(6) deposition.  (Dkt. #141) The CFPB argues that many of the topics that were noticed by Defendant are subject to various legal privileges, *i.e.,* "attorney work product," "deliberative process privilege," "law enforcement privilege," and "bank examination privilege." (*Id.*) The CFPB contends that each topic fails to describe with reasonable particularity the subject matter sought, and the topics are unreasonably duplicative or cumulative, unduly burdensome, and disproportionate to the needs of the case.  Defendants argue that the ten topics in the 30(b)(6) notice are plainly stated and directly concern the CFPB's own claims and allegations, as well as discovery disclosures made by the CFPB. (Dkt. #144) For the reasons explained below, the Court GRANTS the motion for a protective order.  The Court assumes the parties' familiarity with the pertinent facts of this case.

## I.        Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope and limitations of discovery.   It states, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Fed. R. Civ. P. 26(b)(1). Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *LaPlante v. Estano*, 228 F.R.D. 115, 116 (D. Conn. 2005).   "Considering the broad scope of permissible pretrial discovery and the potential for impingement upon a party's privacy, a court may issue a protective order restricting discovery to prevent 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Doe v. Yale Univ.*, No. 3:19-CV-1663 (CSH) (RMS), 2022 WL 3700881, at *1 (D. Conn. June 21, 2022) (quoting Fed. R. Civ. P. 26(c)).   A party may not generally discover "work product of the lawyer" including "inquiries into the files and the mental impressions of an attorney." *United States Sec. & Exch. Comm'n v. Ahmed*, No. 3:15CV675 (JBA), 2017 WL 1347668, at *2 (D. Conn. Apr. 7, 2017) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947)). "[T]he touchstone of the work-product inquiry is whether the discovery demand is made 'with the precise goal of learning what the opposing attorney's thinking or strategy may be.'" *SEC v. Morelli*, 143 F.R.D. 42, 47-48 (S.D.N.Y. 1992) (quoting *In re Grand Jury Subpoenas*, 959 F.2d 1158, 1166 (2d Cir. 1992)).

A court is given broad discretion regarding whether to issue a protective order.  *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir.1992).  However, a court may issue a protective order only after the moving party demonstrates that good cause exists for the protection of the material. *Jerolimo v. Physicians for Women, P.C.*, 238 F.R.D. 354, 356 (D. Conn. 2006).  To establish good cause under Rule 26(c), courts require a "particular and specific demonstration of fact, as

distinguished from stereotyped and conclusory statements." *Id.* Courts within the Second Circuit have held that good cause exists to enter a protective order when a Rule 30(b)(6) deposition notice requires information that is subject to the work product privilege. *See Ahmed*, 2017 WL 1347668, at *2; *F.D.I.C. v. Wachovia Ins. Servs., Inc.*, No. 3:05cv929 (CFD) (TPS), 2007 WL 2460685, at *5 (D. Conn. Aug. 27, 2007); *Morelli*, 143 F.R.D. at 44.

## II.     Discussion

The CFPB argues that the "protective order is needed because Defendants' deposition request seeks information that is protected from disclosure by the work product privilege and other legal privileges, and it designates matters that are unreasonably cumulative or duplicative, overbroad, unduly burdensome, or otherwise inappropriate for a Rule 30(b)(6) deposition." (Dkt. #141 at 4) The CFPB contends that Topics 1, 2, 3, 5, 6, and 10 seek to discover the CFPB's mental impressions, legal strategies, and other attorney work product because those topics request testimony identifying the "material facts" that the CFPB contends supports the allegations in the Amended Complaint. (Dkt. #141-1 at 9) Specifically, the CFPB argues that the topics are inappropriate because: (1) the defendants have or will have access to all the non-privileged, relevant information and evidence in the CFPB's possession; (2) CFPB has no firsthand, independent knowledge of the facts and cannot impart any new facts during the deposition; and (3) the topics in the Rule 30(b)(6) notice request the corporate representative to marshal the facts and evidence, then disclose to opposing counsel the facts and specific evidence that the CFPB contends supports the claims. (Dkt. #141-1 at 9)

For topics 6a, 6b, 6c, and 7, the CFPB contends that the requested testimony requires the disclosure of information that is pre-decisional and reflective of agency deliberations. (Dkt. #141-1 at 15) Specifically, the CFPB argues that the "bulk of information that would be responsive to

Defendants' inquiries under these Topics consists of testimony identifying the evidence, processes, and analyses that informed the Bureau's decision-making from the pre-investigation stage through the current phase of litigation." (Dkt. #141-1 at 16) The CFPB argues that the requested Rule 30(b)(6) deposition is unnecessary and would primarily serve as an opportunity for Defendants to try to elicit testimony from which they could glean details about specific factors the CFPB considers when making decisions related to its supervisory and enforcement duties. (*Id.*) These constitute intra-agency and inter-agency opinions, recommendations, and insights that are pre-decisional and deliberative. (Dkt. #141-1 at 17)

Defendants argue that their "ten topics were narrowly tailored to obtain evidence that Defendants need for their defense but that they have not been able to obtain from Plaintiff in any meaningful way thus far." (Dkt. #144 at 14) According to defendants, the topics are "relevant and particularized, and they are not unduly burdensome or duplicative." (*Id.*) For example, Defendants assert that Topics 2 and 3 seek the material facts in Plaintiff's knowledge or possession of the violations alleged in the Amended Complaint. (Dkt. #144 at 15) Defendants also assert that Topic 5 concerns the CFPB's responses to Defendants' interrogatories and Topic 6 seeks material facts concerning four aspects of the CFPB's Rule 26 initial and supplemental disclosures: (a) named witnesses, (b) named "Affected Consumers," (c) the categories of documents and information the CFPB may use to support its claims, and (d) the CFPB's asserted damages. (Dkt. #144 at 16) More importantly, Defendants argue that the CFPB has failed to produce all the relevant, non-privileged information that Defendants have sought and thus the 30(b)(6) topics are not unreasonably cumulative or duplicative.[1] (Dkt. #144 at 21)

---

[1] Pending before this Court was Defendants' Second Motion to Compel and Motion for Sanctions. (Dkt. #140) This motion has been resolved in Dkt. #177.

The Court finds that most of the topics listed in the 30(b)(6) deposition notice are protected by work product privilege.  This case is similar to *Ahmed* in which the Honorable Janet Bond Arterton granted a motion to quash a 30(b)(6) deposition notice.  In that case, the defendants sought to depose the Securities & Exchange Commission ("SEC") regarding, *inter alia*, "the specific facts, information, documents, investigative testimony, and any other direct or circumstantial evidence relied on by Plaintiff that supports the specific allegations asserted by the Commission and the relief sought by the Commission in this matter." *Ahmed*, 2017 WL 1347668, at *1.  The plaintiff asserted that all of the topics "essentially [sought] the SEC's analysis of various third-party evidence and other work product" and the plaintiff "ha[d] no independent, firsthand knowledge of any of [the] facts, but rather has collected various third-party documents throughout its investigation and [the] litigation which [was] produced to [the defendants]" *Id.*  The plaintiff also argued that because "the investigation and litigation ha[s] been conducted by SEC attorneys, a deposition of the SEC would be tantamount to a deposition of opposing counsel[.]" *Id.*  Judge Arterton, who was unpersuaded that the defendants sought information beyond protected work-product, noted that the defendants had all of the information from which the SEC derived its knowledge, and had the ability to analyze and assess the information.  In addition, Judge Arterton was concerned about the risk of inadvertent disclosure of the SEC's counsel's mental impressions. *Id.* at *2.

In this case, the CFPB, as a federal law enforcement agency, compiles and relies on testimony and documents from third parties, and from Defendants themselves, who have independent knowledge of the facts in this case.  As the SEC asserted in *Ahmed*, the CFPB has asserted that it does not have any independent knowledge of the facts that constitute Defendants' violations in this matter. (Dkt. #141-1 at 5, 23) The CFPB has asserted that Defendants possess or

have access to the relevant, nonprivileged information in the CFPB's possession because it has been or will be provided in response to interrogatories or requests for production. (Dkt. #141-1 at 11, 13) Thus, Defendants have (or will have) all the facts available to the CFPB and have the ability to analyze and assess them. (Dkt. #141-1 at 6) Likewise, this Court is also concerned about the risk of inadvertent disclosure of the CFPB's counsel's mental impressions because the deposition would allow Defendants to discover the inferences that the CFPB believes properly can be drawn from the evidence it has accumulated. *See, e.g.*, *Morelli*, 143 F.R.D. at 47 ("Based on a review of the areas of inquiry highlighted in [the defendant's] Notice of Deposition, the Court finds that the proposed Rule 30(b)(6) deposition constitutes an impermissible attempt by defendant to inquire into the mental processes and strategies of the SEC."). Therefore, the motion to quash is GRANTED.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this **24th day** of **May**, 2023 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge