THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br>　　　　Plaintiff,<br><br>v.<br><br>1ST ALLIANCE LENDING, LLC, *et al.*,<br>　　　　Defendants. | Case No. 3:21-CV-00055-RNC<br><br>Date: December 13, 2024 |

## NOTICE OF SUPPLEMENTAL AUTHORITY

　　　　Herein, Plaintiff Consumer Financial Protection Bureau writes to notify the Court of the Connecticut Appellate Court's December 13, 2024 opinion in *1st Alliance Lending, LLC v. Connecticut Dept. of Banking, et al.* (AC 46493), wherein the Connecticut Appellate Court:

　　　　(1) fully affirmed the April 19, 2023 decision of the Connecticut Superior Court (Judicial District of New Britain) (*see* Doc. 210-7) (which fully affirmed, and dismissed Defendants' appeal of, the April 16, 2021 Order of the Connecticut Department of Banking (CTDOB) (*see* Doc. 210-5)) and;

　　　　(2) fully assessed and rejected Defendants' arguments that the procedures of the CTDOB and Connecticut Superior Court somehow deprived them of due process. (A true and correct copy of the Connecticut Appellate Court's December 13, 2024 Opinion is attached hereto as Ex. A.)

1

The December 13, 2024 Order of the Connecticut Appellate Court constitutes persuasive legal authority with respect to several key issues that are currently before the Court.

For instance, in arguing against the application of collateral estoppel to several of the factual findings in the CTDOB's April 16, 2021 Order, Defendants have argued that (1) the CTDOB Order is under appeal; and that (2) the CTDOB Order was issued (and affirmed by the Connecticut Superior Court) in violation of their due process rights. However, the Connecticut Appellate Court's December 13, 2024 opinion fully resolves the appeal, and explicitly assesses and rejects Defendants' due process arguments.

Additionally, in its December 13, 2024 opinion, the Connecticut Appellate Court fully assesses and rejects Defendants' arguments that the CTDOB erred in concluding that 1st Alliance's HLCs were "loan originators" that were required to be licensed in accordance with the Connecticut Safe Act. In doing so, the Court cited to Regulation H (12 C.F.R. 1008) and then applied Regulation H to the factual record.

For Plaintiff Consumer Financial Protection Bureau

Eric Halperin
*Enforcement Director*
Thomas Kim
*Deputy Enforcement Director*
Susan Torres
*Assistant Litigation Deputy*

*/s/ Paris A. Wynn*
Paris A. Wynn (Bar No. phv206750)
paris.wynn@cfpb.gov
Phone: (202) 815-0783
Phone: (202) 557-8822
Fax: (703) 642-4585

1700 G Street, NW
Washington, DC 20552

Local Counsel:
Sarah Gruber (Bar No. ct29918)
Assistant United States Attorney
Phone: (203) 821-3700
Fax: (203) 773-5373
sarah.gruber@usdoj.gov
United States Attorney's Office
450 Main Street, Room 328
Hartford, CT 06103

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 13, 2024, the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Paris A. Wynn*
