THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br>　　　　　Plaintiff,<br><br>v.<br><br>1ST ALLIANCE LENDING, LLC, *et al.*,<br>　　　　　Defendants. | Case No. 3:21-CV-00055-RNC<br><br>Date: January 24, 2025 |

**JOINT STATUS REPORT**

Pursuant to Paragraph 13 of the Scheduling Order (ECF No. 42), Plaintiff Consumer Financial Protection Bureau ("CFPB") and Defendants 1st Alliance Lending, LLC ("1st Alliance"), John DiIorio and Kevin St. Lawrence (the "Individuals"), respectfully submit the following Joint Status Report:

**A.　STATUS OF THE CASE, IDENTIFYING ANY PENDING OR ANTICIPATED MOTIONS AND ANY CIRCUMSTANCES POTENTIALLY INTERFERING WITH THE PARTIES' COMPLIANCE WITH THE SCHEDULING ORDER, AS WELL AS A DETAILED STATEMENT OF ALL DISCOVERY UNDERTAKEN TO DATE, INCLUDING HOW MANY DEPOSITIONS EACH PARTY HAS TAKEN AND THE SPECIFIC DISCOVERY THAT REMAINS TO BE COMPLETED.**

<u>**Motions**</u>
**The following motions are pending or anticipated:**

(1) The Parties' motions for summary judgment are fully briefed, oral argument was held on December 17, 2024 and the motions are pending before the Court.

(2) <u>Dkt. No. 31 (3:22-mc-00100-RNC)</u>: Defendants' Objection To Magistrate Judge Richardson's June 14, 2023 Order (Dkt. 30) Granting Non-Party Kevin Cuff's Motion To

1

Quash, which concerns Non-party Kevin Cuff's Motion to Quash Subpoena and for a Protective Order to block Defendants' Rule 45 Subpoena for the deposition testimony of Kevin Cuff.

(3) Plaintiff's January 31, 2024 Motion in Limine for Application of Collateral Estoppel (Dkt. 215) is fully briefed and pending before the Court.

(4) Plaintiff anticipates filing a Daubert motion to exclude the Defendants' Expert Charles Grice, and/or certain of his opinions.

(5) Defendants anticipate filing a Daubert motion to exclude the opinions of Plaintiff's Expert, Jillayne Schlicke.

(6) Plaintiff may file a motion for appropriate relief under FRCP 37(e) concerning Defendants' alleged failure to preserve electronically stored information.

(7) Plaintiff may file a motion in limine concerning Defendants' withholding of numerous emails and other documents on the grounds that such material is protected from disclosure by the attorney client privilege and/or work product doctrine. As noted in prior reports to the Court (see, Dkt. Nos. 113, 150, 152, 206), the Parties have a dispute concerning multiple documents Defendants are withholding on the basis of privilege. Specifically, in testimony concerning the Bureau's claims, Defendants have stated that they relied upon advice and policies provided by their compliance professionals. However, Defendants have continued to withhold (on the basis of assertions of various privileges) documents and communications related to these compliance professionals. The Parties have attempted to resolve this issue without court intervention. However, despite multiple meet and confers, the Parties are at an impasse. Hence, Plaintiff may seek an order precluding Defendants' use of such statements or related evidence at summary judgment or trial.

(8) Defendants may file a motion, after summary judgment motions have been decided, with respect to what Defendants contend is necessary discovery that was not provided, as raised during the January 24, 2024, Telephonic Conference, Tr. at 15:15-22 (Dkt. 217).

<u>Plaintiff's Position Re: Item No. 8</u>:

Discovery in this case closed on January 27, 2023. Plaintiff contends that during the January 24, 2024 Telephonic Conference, this Court specified the method by which Defendants' could again seek to obtain the purportedly crucial discovery to which they have been alluding since September 2023. The Court said:

- Once you have formulated your opposition to summary judgment and identified any necessary additional discovery pivotal to summary judgment, you should include in your opposition brief a description of that additional discovery and an explanation of why you believe that it is crucial and that would be sufficient. You don't need to file a motion under Rule 56(d) at that point. It will be sufficient if, in your opposition brief,

> you specifically identify any additional discovery that you believe needs to be allowed in order to determine whether there is a genuinely disputed issue of material fact given what the Plaintiff says in its    in its papers in support of summary judgment.

(See Jan. 25, 2024 Hr'g Tr. at 14)

Without waiving its prior objections, Plaintiff opposes any attempt by Defendants to obtain non-damages "discovery" outside of the method ordered by the Court as it is unwarranted and would contravene the Court's Order and Local and Federal Rules, unduly delay the litigation, and cause undue prejudice to the Plaintiff.

### DISCOVERY
### THE FOLLOWING IS THE STATUS OF DISCOVERY TO DATE:

The discovery period ended on January 27, 2023.

### CIRCUMSTANCES POTENTIALLY INTERFERING WITH THE SCHEDULING ORDER.

There are no upcoming deadlines pursuant to the current Scheduling Order.

**B.    ANY INTEREST IN REFERRAL FOR SETTLEMENT PURPOSES TO A UNITED STATES MAGISTRATE JUDGE OR THE DISTRICT COURT'S SPECIAL MASTERS PROGRAM.**

The Parties do not have an interest in a referral for settlement at this time.

**C.    WHETHER THE PARTIES WILL CONSENT TO EITHER A JURY TRIAL OR A BENCH TRIAL BEFORE A MAGISTRATE JUDGE.**

The Parties do not consent to a trial before a magistrate judge.

**D.    THE ESTIMATED LENGTH OF TRIAL.**

Plaintiff estimates it will need 7-9 days to present its case-in-chief, as currently pleaded, at trial.

Defendants estimate that they would need two to three weeks to present their cases in chief.

Dated:  January 24, 2025

Respectfully submitted,

3

For Defendants 1st Alliance Lending, LLC, John Christopher DiIorio, and Kevin Robert St. Lawrence

*/s/ Michael Y. Kieval*
Mitchel H. Kider, *pro hac vice*
Michael Y. Kieval, *pro hac vice*
WEINER BRODSKY KIDER PC
1300 19th St NW, 5th Floor
Washington, D.C. 20036
Tel: 202-628-2000
Fax: 202-628-2011
Email: kider@thewbkfirm.com
kieval@thewbkfirm.com

Ross Garber
The Garber Group LLC
100 Pearl St., 14th Floor
Hartford, CT 06103
Tel: (860) 983-5145
Fax: (860) 983-5145
Email: rgarber@thegarbergroup.com

For Plaintiff Consumer Financial Protection Bureau

Eric Halperin
*Enforcement Director*
Thomas Kim
*Deputy Enforcement Director*
Susan Torres
*Assistant Litigation Deputy*

*/s/ Paris Wynn*
Paris A. Wynn (Bar No. phv206750)
paris.wynn@cfpb.gov
Phone: (202) 815-0783
Fax: (703) 642-4585
1700 G Street, NW
Washington, DC 20552


Alexander Broche (Bar No. phv09974)
Alexander.broche@cfpb.gov
Phone: (202) 435-5284
Fax: (703) 642-4585
1700 G Street, NW
Washington, DC 20552


Local Counsel:
Sarah Gruber (Bar No. ct29918)
Assistant United States Attorney
Phone: (203) 821-3700
Fax: (203) 773-5373
sarah.gruber@usdoj.gov
United States Attorney's Office
450 Main Street, Room 328
Hartford, CT 06103

## CERTIFICATE OF SERVICE

      I hereby certify that on January 24, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                                     /s/ *Paris Wynn*