**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br>Plaintiff,<br><br>v.<br><br>1ST ALLIANCE LENDING, LLC, *et al.*,<br>Defendants. | ) | Case No. 3:21-cv-00055-RNC |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants file this Notice of Supplemental Authority, to bring to the Court's attention the attached complaint that Plaintiff Consumer Financial Protection Bureau (CFPB) filed in another matter after the summary judgment motions in this case were fully briefed (and after the Court held a hearing on those motions), which includes a party admission by Plaintiff that bears upon one of the arguments Plaintiff is making on summary judgment in this case. *CFPB v. Rocket Homes Real Est. LLC, et al.*, No. 2:24-cv-13442, Dkt. 2 (E.D. Mich. Dec. 23, 2024) (attached as Exhibit A hereto).

Specifically, the referenced authority contains the following allegation, which is a party admission by Plaintiff here:

> While many consumers close their mortgage with the lender who provided their preapproval letter, a significant proportion go elsewhere for their final mortgage business. Hence, just because a consumer obtained a preapproval letter from Rocket Mortgage doesn't mean that the consumer had selected Rocket Mortgage or wasn't potentially interested in exploring other lending options.

*Rocket Homes*, E.D. Mich. No. 2:24-cv-13442, Dkt. 2 at ¶ 39. The Court may take judicial notice of this statement by Plaintiff.

That admission is relevant to the CFPB's argument in this case that the percentage of consumers who received prequalification letters from Defendant 1st Alliance, but did not in the end obtain a loan from 1st Alliance, is purportedly evidence of consumer harm. *See* Dkt. 214-1 at 17 (Plaintiff argued "overwhelming majority . . . of prequalifications . . . did *not* result in a consumer getting a loan"); Dkt. 232-2 at 33-34 (Defendants explain why such "fallout" is not because of consumer harm); Dkt. 241 at 27-28, 37 (Plaintiff reiterating, but not supporting, assertion that "prequalifications 'falling out'" was evidence of consumer harm); Dkt. 250 at 13 (noting Plaintiff's failure to tie prequalification "fallout" to consumer harm); Dkt. 250 at 15 (citing evidence that prequalification "fallout[]" was "because consumers went with other lenders").

DATE: January 31, 2025

Respectfully submitted,

*/s/ Michael Y. Kieval*

Michael Y. Kieval, *pro hac vice*
Mitchel H. Kider, *pro hac vice*
WEINER BRODSKY KIDER PC
1300 19th St NW, 5th Floor
Washington, D.C. 20036
Tel: 202-628-2000
Fax: 202-628-2011
kieval@thewbkfirm.com
kider@thewbkfirm.com

Ross Garber
The Garber Group LLC
100 Pearl St., 14th Floor
Hartford, CT 06103
Tel: (860) 983-5145
Fax: (860) 983-5145
rgarber@thegarbergroup.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on January 31, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

__/s/_*Michael Y. Kieval*___
Michael Y. Kieval